IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CORNELIUS DRISKER, #178 724 | * | |
| Petitioner, | * | |
| v. | * | 2:10-CV-890-WHA |
| | | (WO) |
| WARDEN J.C. GILES, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a petition for habeas corpus relief filed by Petitioner, Cornelius Drisker. In this petition Petitioner challenges the constitutionality of pending criminal charges against him pursuant to orders of the Circuit Court for Elmore County, Alabama. Petitioner is currently incarcerated at the Ventress Correctional Facility on a conviction entered against him by the Circuit Court for Macon County, Alabama.

In an answer filed on December 6, 2010 Respondents assert that Petitioner's claim of speedy trial violations is without merit as Petitioner has now been indicted on the charges made the subject of the instant petition, and his new cases will presumably appear on the next available trial docket or pretrial docket. Even though Respondents argue that Petitioner's petition is now without merit , they further contend that he, nonetheless, failed to exhaust available state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Petitioner's claim of speedy trial violations are properly brought in the ongoing criminal case by filing a state habeas corpus petition

requesting a speedy trial or by filing a petition for writ of mandamus in the Court of Criminal Appeals or the Alabama Supreme Court raising the speedy trial claim.  Respondents assert that Petitioner may not have his claims heard for the first time in this court.  (*Doc. No. 9.*)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the  State ..." 28 U.S.C. § 2254(1)(b)(1)(A).  Upon review of the pleadings filed in this case, it appears that Petitioner failed to  exhaust his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Petitioner claims without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

Accordingly, it is

ORDERED that on or before December 29, 2010  Petitioner shall SHOW CAUSE why his habeas corpus petition should not be dismissed for failure to exhaust state remedies.

Done, this 8th day of December 2010.

       /s/ Charles S. Coody  
      CHARLES S. COODY  
      UNITED STATES MAGISTRATE JUDGE