IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CORNELIUS DRISKER, #178 724 | * | |
| Petitioner, | * | |
| v. | * | 2:10-CV-890-WHA |
| | | (WO) |
| WARDEN J.C. GILES, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief filed by Petitioner, Cornelius Drisker, on October 20, 2010.[1] In this petition Petitioner challenges the constitutionality of pending criminal charges against him pursuant to orders of the Circuit Court for Elmore County, Alabama. Petitioner is currently incarcerated at the Ventress Correctional Facility on a conviction entered against him by the Circuit Court for Macon County, Alabama.

In an answer filed on December 6, 2010 Respondents assert that Petitioner's claim of speedy trial violations is without merit as Petitioner has now been indicted on the

---

[1] Although the present petition was stamped "filed" in this court on October 22, 2010, the petition was signed by Petitioner on October 20, 2010. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Drisker] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers October 20, 2010 as the date of filing.

charges made the subject of the instant petition, and his new cases will presumably appear on the next available trial docket or pretrial docket. Even though Respondents argue that Petitioner's petition is now without merit , they further contend that he, nonetheless, failed to exhaust available state remedies with respect to the claims now pending before this court. Specifically, Respondents maintain that Petitioner's claim of speedy trial violations are properly brought in the ongoing criminal case by filing a state habeas corpus petition requesting a speedy trial or by filing a petition for writ of mandamus in the Court of Criminal Appeals or the Alabama Supreme Court raising the speedy trial claim. Respondents assert that Petitioner may not have his claims heard for the first time in this court. (*Doc. No. 9*.)

Upon review of Respondents' answer, the court entered an order affording Petitioner an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. (*Doc. No. 10*.) Petitioner took advantage of the opportunity to file a response. (*Doc. No. 11*.)

## I. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A).[2] "An applicant shall not be deemed to have exhausted the

---

[2]Petitioner is, and was at the time he filed the instant petition, a state inmate incarcerated on a conviction unrelated to the charges challenged in this instant proceeding. (*See Doc. No. 1*.)

2

remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 225(c). The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982).

The undisputed evidence before the court reflects that Petitioner has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2).[3]

In light of the foregoing, the Magistrate Judge concludes that the instant petition for habeas corpus relief should be dismissed without prejudice so that Petitioner can pursue those state court remedies available to him.

---

[3] Petitioner's assertion that Respondents have mislead the court by indicating that a hearing has been held on his pending criminal charges is without merit. Respondents' answer indicates that Petitioner was served with indictments on the challenged detainers shortly after he filed the present habeas petition. Respondents note that since Petitioner has been served with indictments, these new criminal charges are now in a position to be set on the state court's trial or pre-trial docket. To the extent Petitioner asserts that he is illegally being held in prison "with no opportunity to any pre-trial proceedings," such argument is disingenuous to the extent Petitioner's present custody is based on his conviction and resulting 12-year sentence for first degree assault entered against him on April 16, 2009. (*See Doc. No. 9, Exh. 1.*)

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Cornelius Drisker be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before **February 18, 2011** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 4th day of February, 2011.

                /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE